United States District Court
Eastern District Of Michigan
Southern Division

Peri Weingrad,

        Plaintiff,

v.

22nd Judicial Circuit Court, et al.,

        Defendants.

Case No. 24-cv-10202
Honorable Sean F. Cox
Magistrate Curtis Ivy

---

## DEFENDANTS 22ND JUDICIAL CIRCUIT COURT, WASHTENAW PROBATE COURT, HONORABLE JULIA OWDZIEJ, COUNTY CLERK LAWRENCE KESTENBAUM, AND WASHTENAW COUNTY'S MOTION TO DISMISS

In lieu of an answer to Plaintiff's complaint, Defendants 22nd Judicial Circuit Court, Washtenaw Probate Court, Honorable Julia Owdziej, County Clerk Lawrence Kestenbaum, and Washtenaw County (collectively, "County Defendants") for reasons more fully stated in the accompanying brief request this Honorable Court dismiss Plaintiff's complaint against them pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In accordance with Local Rule 7.1(a), County Defendants sought concurrence in the relief requested from Plaintiff on April 29, 2024. Plaintiff denied the County Defendants' request on May 1, 2024 making the filing of this motion and accompanying brief necessary.

1

Wherefore, County Defendants respectfully request this Honorable Court grant their motion and dismiss all Plaintiff's claims against them with prejudice.

Respectfully Submitted,

/s/ *Michael L. Auten*
Michael L. Auten (P81884)
Washtenaw County Corporation Counsel
220 N. Main St., PO Box 8645
Ann Arbor, MI 48107
(734) 222-3427
autenm@washtenaw.org
Attorney for Defendants 22nd Judicial Circuit Court, Washtenaw Probate Court, Honorable Julia Owdziej, County Clerk Lawrence Kestenbaum, and Washtenaw County

Dated: May 2, 2024

United States District Court
Eastern District Of Michigan
Southern Division

---

Peri Weingrad,

      Plaintiff,

v.                      Case No. 24-cv-10202

                               Honorable Sean F. Cox

22nd Judicial Circuit Court, et al.,     Magistrate Curtis Ivy

      Defendants.

---

## BRIEF IN SUPPORT OF DEFENDANTS 22ND JUDICIAL CIRCUIT COURT, WASHTENAW PROBATE COURT, HONORABLE JULIA OWDZIEJ, COUNTY CLERK LAWRENCE KESTENBAUM, AND WASHTENAW COUNTY'S MOTION TO DISMISS

# Table of Contents

## Contents

Controlling or Most Appropriate Authorities ............................................................. iii

Concise Statement of Issues Presented ..................................................................... iv

Facts ............................................................................................................................ 1

Standard of Review..................................................................................................... 3

Law and Analysis........................................................................................................ 4

    I.    Plaintiff's Claims against the County Defendants are Barred by the *Rooker-Feldman* Doctrine............................................................................................................. 4

    II.    Collateral Estoppel Bars the Claims Against the County Defendants. .............................. 7

    III.    Plaintiff lacks standing to bring a claim against the County Defendants. .................... 10

    IV.    The Eleventh Amendment bars federal suits against states for money damages unless that immunity is abrogated or waived by the state. ................................................ 11

    V.    Plaintiff has failed to state a claim under 42 U.S.C. § 1983. .......................................... 13

    VI.    County Clerk Lawrence Kestenbaum and Honorable Julia Owdziej are entitled to absolute immunity pursuant to MCL 691.1407. ....................................................... 15

Conclusion ................................................................................................................ 16

## Controlling or Most Appropriate Authorities

*Authority*

*Alabama v. Pugh,* 438 U.S. 781 (1978)
*Alden v. Maine*, 527 U.S. 706, 712-713 (1999)
*Allen v. McCurry*, 449 U.S. 90, 94 (1980)
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)
*Bishop v Lucent Techs., Inc*, 520 F3d 516, 519 (CA 6, 2008)
*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)
*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)
*Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006)
*Helfrich v. Marcelain*, No. 2:08-CV-01201, 2009 WL 2243800, at *1 (S.D. Ohio
July 23, 2009)
*Lillard v. Shelby County Bd. Of Ed*., 76 F.3d 716, 726 (6th Cir. 1996)
*Maben v. Thelen*, 887 F.3d 252, 270-271 (6th Cir. 2018)
*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)
*Monat v. State Farm Ins. Co.*, 469 Mich. 679 (2004)
*City of Los Angeles v. Heller*, 475 U.S. 796, 799; 106 S. Ct. 1571, 89 L. Ed. 2d 806
(1986)
*Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1984)
*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)
*Ross v Consumers Power Co*  (On Rehearing), 420 Mich 567, 363 NW2d 641
(1984)
*Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989)
*Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)
*Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)

United States Constitution, Amendment XI

42 U.S.C. § 1983
28 U.S.C. § 1738

Fed. R. Civ. P. 12(b)(1)
Fed. R. Civ. P. 12(b)(6)

**Concise Statement of Issues Presented**

I.   Should Plaintiff's Claims against the County Defendants be dismissed because they are barred by the Rooker- Feldman Doctrine?

Answer: Yes

II.   Does collateral estoppel bar Plaintiff's claims against the County Defendants?

Answer: Yes

III.   Does Plaintiff lack standing to bring an action for declaratory relief against the County Defendants?

Answer: Yes

IV.   Does the 11th Amendment to the United States Constitution bar Plaintiff's federal suit against the County Defendants that are also state departments and a state official?

Answer: Yes

V.   Has Plaintiff failed to state a viable claim under 42 U.S.C. § 1983?

Answer: Yes

VI.   Are County Clerk Lawrence Kestenbaum and the Honorable Julia Owdziej entitled to absolute immunity pursuant to MCL 691.1407.

Answer: Yes

## Facts

Plaintiff's complaint can best be construed as bringing constitutional claims against the County Defendants for perceived unconstitutional actions in the adjudication of multiple cases related to property located at 475 Huntington Drive in Ann Arbor, Michigan (the "Property"). In each of the previous proceedings, Plaintiff has made numerous attempts to claim an interest in the Property. The last litigation culminated in an order quieting title to the Property in favor of the Maasdam Defendants. (*See* ECF No. 1, PageID.84-88.) Plaintiff, like she did numerous times before, appealed the order. The Michigan Court of Appeals upheld the trial court's order. See *Maasdam v Weingrad*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2022 (Docket No. 356310). Still unsatisfied, Plaintiff sought leave to appeal to the Michigan Supreme Court. Her request was denied. *Maasdam et al. v. Weingrad*, 982 N.W.2d 695 (Mich. 2023). The Court of Appeal's holding succinctly summarized the events that preceded Plaintiff's current lawsuit:

> [I]n 2017 and in successive orders in the years since, the trial court has ordered that [Ms. Weingrad] has no interest in the Property. As a part of the probate case governing Joel Weingrad's estate, the trial court ordered the Property sold free

1

and clear of all liens.  It has ordered that [Ms. Weingrad] has "no right to enforce the Note and Mortgage."  [Ms. Weingrad] was a party to the actions involving her father's estate; indeed, she appealed several rulings from those cases.  In spite of this history, [Ms. Weingrad] published and recorded multiple documents purporting to enforce the rights she believes she still has in the Property.  In fact, even after the trial court entered the TRO in this case and effectively halted the sheriff's sale of the Property, [Ms. Weingrad] submitted documentation that she held a private sale and purported to sell the Property to herself, demanding $1.6 million to redeem it.  Finally, [the Maasdam's] have suffered special injury and damages in the form of attorney fees and costs associated with defending themselves from [Ms. Weingrad]'s absurd actions. [Ms. Weingrad] presented no evidence rebutting [the Maasdam's] showing on these elements.  Instead, she has continued to question the validity of the trial court's 2017 orders, and she has even presented new theories somehow related to her parents' divorce. *Id.* at 8.

Plaintiff now comes before this Honorable Court once again attempting to sidestep previous rulings and undermine those proceedings by suing a myriad of

2

defendants. While it is difficult to surmise Plaintiff's exact cause of action, the complaint can broadly be read as alleging that all Defendants violated Plaintiff's First, Fifth, and Fourteenth amendment rights. Plaintiff attaches only the trial court's January 25, 2021 order to her complaint.

In short, Plaintiff is a state court loser who now attempts to bring her claims in federal court where they do not belong. The law does not allow Plaintiffs to take multiple bites at the apple by bringing previously litigated state court claims to federal court under the guise of Federal Civil Rights violations.

## Standard of Review

"To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v Lucent Techs., Inc*, 520 F3d 516, 519 (CA 6, 2008) (internal citation omitted). Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when the complaint fails to state a claim upon which relief can be granted. Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate when the court lacks subject matter jurisdiction.

## Law and Analysis

I. **Plaintiff's Claims against the County Defendants are Barred by the *Rooker-Feldman* Doctrine**

Plaintiff's alleged constitutional claims against the County Defendants are barred by the *Rooker-Feldman* doctrine because they collaterally attack the orders and injunction entered against Plaintiff in the Probate and Quiet Title actions. Because this Court does not have jurisdiction to sit in direct review of the state courts' decisions, this Court should dismiss all claims against the County Defendants under Fed. R. Civ. P. 12(b)(1).

"In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that a federal district court may not review a state court decision for alleged federal law error." *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006). The Court reaffirmed that holding sixty years later in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Feldman*, the Court stated:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding . . . then the District Court is in essence being called on to review the state-court decision. This the District Court may not do.

*Fieger*, 471 F.3d at 642, *citing Feldman*, 460 U.S. at 482, n.16 (internal citations omitted). "The principles enunciated in *Rooker* and *Feldman* have become known

4

as the *Rooker-Feldman* doctrine." *Fieger*, 471 F.3d at 642. As the United States

Supreme Court later clarified, the *Rooker-Feldman* doctrine is confined to "cases

brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006), the Sixth

Circuit explained "how to differentiate between a claim that attacks a state court

judgment, which is within the scope of the *Rooker-Feldman* doctrine, and

independent claim over which a district court may assert jurisdiction." Specifically,

when deciding whether *Rooker-Feldman* applies, "[t]he inquiry . . . is the source of

the injury the plaintiff alleges in the federal complaint." *Id.* "If the source of the

injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent

the district court from asserting jurisdiction. If there is some other source of injury,

such as a third-party's actions, then the plaintiff asserts an independent claim." *Id.*

*Rooker-Feldman* applies when "the plaintiff asserts before a federal district court

that a state court judgment itself was unconstitutional or in violation of federal

law." *Id.* Thus, under *Rooker-Feldman*, "a litigant cannot seek to collaterally attack

a state court judgment by simply casting his complaint in the form of a civil rights

action." *Helfrich v. Marcelain*, No. 2:08-CV-01201, 2009 WL 2243800, at *1 (S.D. Ohio July 23, 2009).

Plaintiff's complaint in the instant case is exactly what the *Rooker-Feldman* doctrine prohibits. While Plaintiff's 90 page, 459 paragraph complaint is difficult to comprehend, the essence of Plaintiff's complaint is that the state court's January 25, 2021 order, as attached to her complaint, deprived her of her property without due process. The relief Plaintiff seeks is essentially for the federal court to overturn the state court's ruling. Such action by the federal court is impermissible under the *Rooker-Feldman* doctrine. The Sixth Circuit has repeatedly held that when claims are based merely on a plaintiff's disagreement with state court's decisions, the *Rooker-Feldman* doctrine bars the claims. *See*, *e.g.*, *Fieger*, 471 F.3d at 644 (dismissing plaintiff's declaratory judgment claim that certain Michigan Supreme Court Justices had violated plaintiff's constitutional rights under *Rooker-Feldman*).[1] It is

---

[1] *See also Davis v. Johnson*, 664 F. App'x 446, 448-51 (6th Cir. 2016) (federal lawsuit claiming, among other things, that state circuit court judge's prior decisions against the plaintiff violated the plaintiff's First and Fourteenth Amendment rights under 42 U.S.C. § 1983 was barred by *Rooker-Feldman* because "[t]he injuries alleged . . . [were] purportedly caused by the judicial orders handed down by [the state court judge] against the plaintiff."); *Hancock v. Miller*, 852 Fed. App'x 914, 922 (2021) (refusing to exercise jurisdiction over claims that alleged constitutional injury resulting from state court order); *Evans et al. v. City of Ann Arbor et al.*, No. 22-1774, 2023 WL 5146731, at *6 (6th Cir. Aug. 10, 2023) ("And the [plaintiffs'] requested relief gives away the game: plaintiffs ask us to vacate the state court judgment. It is clear the source of the plaintiff's injury is the state court judgment

impossible for this Honorable Court to adjudicate Plaintiff's claims in the instant

case without ultimately reviewing and vacating the state court's ruling. Therefore,

Plaintiff's claims against the County Defendants must be dismissed with

prejudice under Fed. R. Civ. P. 12(b)(1) because pursuant to the *Rooker-Feldman*

doctrine this Honorable Court lacks subject matter jurisdiction.

## II.    Collateral Estoppel Bars the Claims Against the County Defendants.

Additionally, the Court should dismiss Plaintiff's claims against the County

Defendants pursuant to Rule 12(b)(6) because the claims are barred by collateral

estoppel. "The Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal

courts to give state court judgments the same preclusive effect that the state would

afford such judgments." *McCormick*, 451 F.3d at 397. "Michigan has three

requirements for collateral estoppel: (1) a question of fact essential to the judgment

must have been actually litigated and determined by a valid and final judgment; (2)

the same parties must have had full and fair opportunity to litigate the issue; and

(3) there must be mutuality of estoppel." *Id.* Collateral estoppel exists to "relieve

the parties of the cost and vexation of multiple lawsuits, conserve judicial

---

itself.") (cleaned up); *Musilli*, 2006 WL 3030974, at *4 ("Granting relief on [the plaintiffs'] claims would undoubtedly imply that the state court's contempt orders and judgment were incorrect.  The claims are therefore inextricably intertwined with the state court proceedings and the Court lacks jurisdiction to review them.").

resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Plaintiff's instant action does nothing more than relitigate a matter that has been thoroughly settled. Plaintiff does not get another bite at the apple by bringing previously litigated state court claims to federal court under the guise of Federal Civil Rights violations. All the elements for collateral estoppel have been met.

First, a question of fact essential to the judgement is Plaintiff's interest in the Property. It is clear that Plaintiff's property interest was previously litigated, and it was determined by a valid and final judgment that she has no interest in the Property. This determination was made by the trial court, as can be seen by the January 25, 2021, order, which Plaintiff attached to her complaint. Plaintiff utilized the proper forum for disputing the validity of the order and the Michigan Court of Appeals upheld the trial court's order. Subsequently, Plaintiff's attempt to seek appeal with the Michigan Supreme Court was denied. Therefore, the first element of collateral estoppel is unquestionably met.

Next, collateral estoppel requires the parties be given a full and fair opportunity to litigate the issue. As previously discussed, Plaintiff was the Defendant in the quiet title action brought by the Maasdams. Prior to that action, Plaintiff was a party to the probate of her father's estate and Plaintiff also brought her own action against the estate, while the probate was pending, because she was

dissatisfied with the proceedings in that case. In each case, Plaintiff additionally brought several appeals and motions for reconsideration. Plaintiff even sought leave to have her appeal in the quiet title action heard by the Michigan Supreme Court when the rulings below were not to her satisfaction. Her request was denied. *Maasdam et al. v. Weingrad*, 982 N.W.2d 695 (Mich. 2023). To say Plaintiff has thoroughly litigated this issue is an understatement. Plaintiff has repeatedly brought the same claim before the court: that her alleged interest in the note gives her an interest in the Property. Plaintiff has presented numerous legal theories to every level of the state court, but the outcome is the same. The plaintiff has surely been given a full and fair opportunity to litigate the issue. Accordingly, the second element of collateral estoppel is met.

Finally, mutuality is not required since the County Defendants are asserting collateral estoppel defensively against a party who has already had a full and fair opportunity to litigate the issues involved. *Monat v. State Farm Ins. Co.*, 469 Mich. 679 (2004). Therefore, under 28 U.S.C. § 1738 and the principles of collateral estoppel, this Honorable Court is required to give preclusive effect in this case to the court orders entered against Plaintiff in the state court cases. Consequently, the third element of collateral estoppel is met.

Plaintiff started litigating the same issue she now brings before this Honorable Court nearly a decade ago in state proceedings, which she initiated.

Plaintiff has been unable to accept the outcome of each of the state court proceedings finding that she does not have any interest in the Property. Each element of collateral estoppel has been thoroughly met in this case. Therefore, Plaintiffs complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Plaintiff lacks standing to bring a claim against the County Defendants.

Plaintiff's claims against the County Defendants must be dismissed because Plaintiff cannot meet her burden to establish that she has standing to sue the County Defendants. Plaintiff lacks standing to bring an action for declaratory judgment against the County Defendants because her claim against the County Defendants only alleges past harm to Plaintiff. "In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or "demonstrate actual present harm or a significant possibility of future harm." *Fieger v. Ferry*, 471 F.3d 637, 643–44 (6th Cir. 2006); *see also O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974) (explaining that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"); *Golden v. Zwickler,* 394 U.S. 103, 109–10 (1969) (dismissing the plaintiff's action seeking a declaration that a state statute was unconstitutional because the likelihood of the plaintiff's suffering repeat exposure to the statute was remote and, thus, the plaintiff lacked standing); *Brent v. Wayne Cty. Dep't of Hum. Servs*., 901 F.3d 656, 675 (6th Cir.

2018)(plaintiff lacked standing to seek declaratory judgment that lower court judge's policy of rubber-stamping signature on child removal orders was unconstitutional where he could not show allegations of likely future harm).

Plaintiff has failed to meet her burden of demonstrating standing to seek declaratory relief against the County Defendants because Plaintiff has failed to allege actual present harm or a significant possibility of future harm. In Plaintiff's request for relief she only claims that Defendants violated her constitutional rights during the state court proceedings over three years ago. Plaintiff fails to show any plausible allegation that the alleged violation of her constitutional rights will harm her in the future. As a result, Plaintiff lacks standing to bring an action for declaratory judgment against the County Defendants

## IV. The Eleventh Amendment bars federal suits against states for money damages unless that immunity is abrogated or waived by the state.

The United States Constitution, Amendment XI, provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment to the United States Constitution prevents a state from being sued in federal court without its consent. *Alabama v. Pugh,* 438 U.S. 781 (1978). An un-consenting state is immune from lawsuits brought in federal court by its own citizens, as well as by citizens of another state. *Alden v. Maine*, 527

U.S. 706, 712-713 (1999).  The Eleventh Amendment is a constitutional

restriction on the federal judicial power "based in large part on 'the problems of

federalism inherent in making one sovereign appear against its will in the courts of

the other.'" *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100

(1984).

The Supreme Court has consistently ruled that the Eleventh Amendment

is a bar to lawsuits against states, state agencies or state departments unless

specifically overridden by an act of Congress, or unless the state has consented

to be sued.  *Pennhurst, Id.*; *Alabama v. Pugh*; *Edelman v. Jordan*, 415 U.S. 651

(1974). Circuit Courts are created by the Michigan Constitution as the state trial

court of general jurisdiction. The Probate Court is a court of statutory

jurisdiction within the Circuit Court. The Circuit Court and Probabte Court

operate under the guidance and management of the State Court Administrative

Office.

The bar against suits for money damages also applies when State officials

are sued for damages in their official capacities.  *Maben v. Thelen*, 887 F.3d 252,

270-271 (6th Cir. 2018) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

Pursuant to MCL 600.555, circuit court judges receive a salary from both the

state and the County, which makes them state officials. Further, state officials

acting in their official capacity are also not "persons" under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).

It is the plaintiff's affirmative duty to plead the capacity in which he or she is suing the defendants. *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989). Absent clear notification that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

Accordingly, all claims for money damages against Defendants 22nd Judicial Circuit Court, Washtenaw Probate Court, and Honorable Julia Owdziej in her official capacity must all be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## V. Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

A complaint must contain allegations concerning all of the material elements to sustain a recovery under a viable legal theory. *Lillard v. Shelby County Bd. Of Ed.*, 76 F.3d 716, 726 (6th Cir. 1996). The Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id*. at 556. A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. The Court held that a "showing that the pleader is

entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id*. at 556. Citing *Twombly*, the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Id.* at 678 (citations omitted). Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679.

Plaintiff claims violation of her First, Fifth, and Fourteenth Amendment rights, but her broad sweeping allegations are insufficient to establish violations under any of these constitutional provisions. Accordingly, Plaintiff has failed to establish the elements of any violation of her constitutional rights because she has failed to offer anything other than a blanket assertion of injury for deprivation of a property interest which she never possessed. Therefore, her complaint against the County Defendants must be dismissed under Fed. R. Civ. P. 12(b)(6) because she has failed to state a claim.

Additionally, it is well settled that where a plaintiff does not suffer a constitutional injury at the hands of municipal employees, there can be no municipal liability under *Monell. City of Los Angeles v. Heller*, 475 U.S. 796, 799; 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986); (1986); *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007). As the federal civil rights claims against County Clerk Lawrence Kestenbaum and the Honorable Julia Owdziej are subject to dismissal as set forth in the preceding arguments, Plaintiff has suffered no constitutional injury at the hands of these Defendants. As such, the *Monell* claim against Washtenaw County is also subject to dismissal.

## VI.  County Clerk Lawrence Kestenbaum and Honorable Julia Owdziej are entitled to absolute immunity pursuant to MCL 691.1407.

For judges, legislators, and the highest executive officials, the Michigan Legislature substantially adopted the test set forth in *Ross v Consumers Power Co* (On Rehearing), 420 Mich 567, 363 NW2d 641 (1984). According to MCL 691.1407(5), "A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." This broad grant of absolute immunity to judges, legislators, and the highest executive officials is based on the belief that public employees who are delegated policy-making powers should not

15

be intimidated by the threat of personal liability or distracted by civil litigation

from the vigorous discharge of their public duties. *Ross*, 420 Mich at 632.

County Clerk Lawrence Kestenbaum is entitled to absolute immunity as the

highest elective official in the County Clerk's Office and Honorable Julia Owdziej

is entitled to absolute immunity as a judge. *Marrocco v Randlett*, 431 Mich 700,

707, 433 NW2d 68 (1988). At all relevant times, each official was simply engaging

in conduct within their respective executive authority to discharge their public

duties. Therefore, all claims against them should be dismissed pursuant to 12(b)(6).

## Conclusion

For the reasons stated above, County Defendants respectfully request this

Honorable Court enter an order dismissing all claims against them in their entirety

and with prejudice along with any other relief the Court may deem appropriate

under the circumstances.

Respectfully Submitted,

/s/ *Michael L. Auten*
Michael L. Auten (P81884)
Washtenaw County Corporation Counsel
220 N. Main St., PO Box 8645
Ann Arbor, MI 48107
(734) 222-3427
autenm@washtenaw.org
Attorney for Defendants 22nd Judicial
Circuit Court, Washtenaw Probate
Court, Honorable Julia Owdziej,
County Clerk Lawrence Kestenbaum,
Dated: May 2, 2024                     and Washtenaw County

16

**<u>Certificate of Service</u>**

I hereby certify that on May 2, 2024**,** I electronically filed the foregoing papers with the Court Clerk using the ECF system, which will send notice to all ECF filers of record.

<u>/s/ *Michael L. Auten*      </u>
Michael L. Auten (P81884)