UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERI WEINGRAD,

       Plaintiff,

v.

JULIA B. OWDZIEJ, State Court Judge, et al.,

       Defendants.

Case No. 2:23-cv-12761

Honorable Susan K. DeClercq
United States District Judge

and

PERI WEINGRAD,

       Plaintiff,

v.

JULIA B. OWDZIEJ, State Court Judge, et al.,

       Defendants.
_____/

Case No. 2:24-cv-10202

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER *SUA SPONTE* DISMISSING TWO BARRED *IN FORMA PAUPERIS* COMPLAINTS**

Plaintiff Peri Weingrad returns to this Court with a third and fourth complaint targeting a variety of defendants ranging from state-court judges to county officials and private parties. These new filings, however, merely rehash claims dismissed twice before, which are thus barred from refiling. Accordingly, these will be dismissed too.

## I. BACKGROUND

Weingrad filed her first complaint on February 18, 2020, against Judge Julia B. Owdziej, alleging judicial misconduct and due-process violations under 42 U.S.C. § 1983, but it was dismissed for lack of jurisdiction. *Weingrad v. Owdziej*, No. 2:20-CV-10412 (E.D. Mich June 11, 2020), ECF No. 6 at PageID.30. Ten days later, she filed a second complaint, adding more defendants and conspiracy claims under 42 U.S.C. § 1985, but it was also dismissed for lack of jurisdiction on the same day as her first complaint. *Weingrad v. Owdziej*, No. 2:20-CV-10531 (E.D. Mich. June 11, 2020), ECF No. 7 at PageID.46.[1]

Unfazed by two dismissals, Weingrad refiled on October 30, 2023. *Weingrad v. Owdziej*, No. 2:23-CV-12761 (E.D. Mich. Oct. 30, 2023), ECF No. 1.[2] This third complaint mirrors the previous two, incorporating identical claims and defendants

---

[1] Weingrad's federal claims challenge her numerous losses in the state courts. There, she contested the courts' decisions regarding the property at 475 Huntington Drive, Ann Arbor, Michigan. She argued the trial court lacked personal jurisdiction due to improper service of process and disputed the summary disposition that favored the plaintiffs. She insisted that she held a legitimate claim to the property based on a $400,000 promissory note and mortgage linked to her late father, Joel Weingrad, despite the Michigan courts' prior rulings that she has no enforceable interest in the property. *Maasdam v. Weingrad*, No. 356310, 2022 WL 2760145 (Mich. Ct. App. July 14, 2022) (per curiam), *appeal denied*, 982 N.W.2d 695 (Mich. 2023).

[2] Plaintiff filed an amended complaint, *Weingrad v. Owdziej*, No. 2:23-CV-12761 (E.D. Mich. May 30, 2024), ECF No. 35. But it was followed by five motions to strike it and Weingrad's motion to withdraw it. *Id.*, ECF Nos. 44; 45; 48; 49; 52). For being procedurally improper under Civil Rule 15(a)(1), as all the parties acknowledge, the amended complaint will be stricken under Civil Rule 12(f).

while adding a few new names and allegations. She filed a fourth time on January 25, 2024. *Weingrad v. Owdziej*, No. 2:24-CV-10202 (E.D. Mich. Jan. 25, 2024), ECF No. 1. The fourth complaint merely continues and expands on the grievances and legal issues that she raised across the other three complaints. The core issues remain unchanged from the prior dismissals.

## II. LEGAL STANDARD

This Court must dismiss a case if it finds the lawsuit (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissals under § 1915(e)(2) are not subject to reinstatement. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007).

## III. ANALYSIS

Weingrad's third complaint essentially reasserts the same allegations against Owdziej, various federal and state judicial officers, and other officials and private parties as her prior complaints. *See generally Weingrad v. Owdziej*, No. 23-12761 (E.D. Mich. Oct. 30, 2023), ECF No. 1. The first complaint centered on violations of 42 U.S.C. § 1983 alongside Fifth and Fourteenth Amendment claims against Owdziej, alleging unlawful taking and conversion of Weingrad's property interests, lack of due process, and judicial bias. The second complaint reiterated those

grievances while adding claims under 42 U.S.C. § 1985(2) for conspiracy, implicating additional defendants such as Constance L. Jones and Ian James Reach. Building off those allegations, the third complaint merely broadens the scope of the same underlying incident by adding claims under multiple statutes including 28 U.S.C. §§ 1331, 2201 and 42 U.S.C. §§ 1983, 1985, asserting a lack of proper process before the deprivation of liberty and property, and alleging unlawful collusion and wrongful actions by a wider array of state actors and private parties. The third complaint also further extends the list of defendants to include entities such as the Washtenaw Probate Court, the 22nd Judicial Circuit Court, their officials, and additional private individuals and entities, thus encapsulating and magnifying the claims originally made in the first two complaints.

The fourth complaint now consolidates and revisits these points, extensively highlighting violations under the Fifth and Fourteenth Amendments, procedural safeguard inadequacies, equal-protection breaches, and wrongful-taking claims. *See generally Weingrad v. Owdziej*, No. 2:24-CV-10202 (E.D. Mich. Jan. 25, 2024), ECF No. 1. It incorporates a comprehensive list of defendants from the judiciary, state officials, and private individuals/entities, thus embodying the continuation and expansion of the grievances and legal issues previously raised across all the prior complaints.

Despite her attempts to recharacterize her case by adding new statutes and new defendants, Weingrad has failed to present any new facts or legal arguments beyond those already considered and dismissed under 28 U.S.C. § 1915(e)(2).

When a case is dismissed under 28 U.S.C. § 1915(e)(2), it shall not be reinstated on the district court's active docket regardless of later payment of filing fees. *McGore*, 114 F.3d at 605. The Sixth Circuit has consistently upheld this principle. *E.g.*, *Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (holding that *McGore* applies to cases dismissed under § 1915(e)(2)); *see Smith v. Monte*, No. 2:24-CV-10950, 2024 WL 2925306, at *3 (E.D. Mich. June 10, 2024) (applying *McGore* to a case dismissed under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)); *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (same to 28 U.S.C. § 1915A), *abrogated on other grounds by Jones*, 549 U.S. 199; *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for 28 U.S.C. § 1915(b)). This prohibition prevents litigants from repeatedly bringing the same claims once deemed insubstantial.

Given the duplicative nature of Weingrad's third and fourth complaints and their substantive similarity to the two previous complaints dismissed under 28 U.S.C. § 1915(e)(2), this Court must dismiss both pending lawsuits. The prior

dismissals under § 1915(e)(2) are binding, and refiled versions of those claims is not permitted under the legal standards set by *McGore* and its progeny.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Complaint in No. 2:23-CV-12761 (E.D. Mich. Oct. 30, 2023), ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that Defendant's Motion to Strike in No. 2:24-CV-10202 (E.D. Mich. June 1, 2023), ECF No. 44, is **GRANTED**.

Further, it is **ORDERED** that Defendants' Motion to Strike in No. 2:24-CV-10202 (E.D. Mich. June 13, 2023), ECF No. 45, is **GRANTED**.

Further, it is **ORDERED** that Defendants' Motion to Strike in No. 2:24-CV-10202 (E.D. Mich. June 13, 2023), ECF No. 48, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Withdraw in No. 2:24-CV-10202 (E.D. Mich. June 18, 2024), ECF No. 52, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Amended Complaint in No. 2:24-CV-10202 (E.D. Mich. May 30, 2024), ECF No. 35, is **STRICKEN**.

---

[3] Weingrad has not timely served the third complaint or its related summonses on any of the 12 defendants. *See* FED. R. CIV. P. 4(m) (requiring courts to dismiss complaints not served within 90 days of filing without good cause stated for the failure); ECF No. 1 (filed Oct. 30, 2023); ECF No. 7 (issuing summonses on May 17, 2024, that expired on June 7, 2024). But that issue need not be addressed due to the instant dismissal.

- 7 -

Further, it is **ORDERED** that Plaintiff's Complaint in No. 2:24-CV-10202 (E.D. Mich. Jan. 25, 2024), ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

**This order closes the above-captioned cases**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/12/2024